# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **BILLY R. DOYLE, JR.** | **CIVIL ACTION NO. 22-3849-P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **DETECTIVE BASSIT, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Billy R. Doyle, Jr. ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on August 24, 2022. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. He names Detective Bassit, Officer C. Porter, and the City of Shreveport as defendants.

Plaintiff claims his Fourth, Sixth, and Fourteenth Amendment rights were violated by Detective Bassit and Officer C. Porter. He claims that on September 27, 2021, he was illegally stopped without probable cause. He claims he was initially stopped for illegal tint and a cracked windshield but was never charged for these violations. He claims his vehicle and cellphone were impounded and held for investigation without a warrant and unrelated charges to the initial stop.

Plaintiff claims Detective Bassit had been assigned to an unrelated incident regarding stolen property and was given information by an anonymous tipster. He claims Detective Bassit instructed Officer C. Porter to conduct the traffic stop that was illegal. Plaintiff claims he was only charged with crimes Detective Bassit was investigating and things that were found after the illegal traffic stop.

Plaintiff was arrested and charged with unauthorized use of a moveable, possession of a Schedule (I), possession of a Schedule (II), open container, and no insurance. He claims there is no report of a witness positively identifying him as the person who parked the trailer in the field. He claims Detective Bassit never questioned, fingerprinted, interrogated, interviewed, or conducted a photograph lineup to identify him as the suspect.

Plaintiff claims the traffic stop was illegal and performed in a malicious manner so Detective Bassit could illegally obtain his identification without an arrest warrant and continue the investigation of unrelated crimes which were the stolen trailers. He claims Detective Bassit did not interrogate him or the witness before he testified at the preliminary hearing on May 19, 2022.

Plaintiff claims he pleaded guilty to possession of illegal stolen things and the other charges were dismissed. He claims he was sentenced to three years incarceration. Plaintiff claims he was maliciously prosecuted. Plaintiff has not filed a state court application for post-conviction relief or habeas relief to review the validity of his criminal convictions. Plaintiff claims he was unconstitutionally imprisoned, maliciously arrested and prosecuted, and received ineffective assistance of counsel.

Accordingly, Plaintiff seeks the return of his cellphone and vehicle and monetary compensation.

## LAW AND ANALYSIS

Plaintiff claims his convictions and sentences are invalid. Plaintiff is seeking monetary compensation and injunctive relief for the allegedly unconstitutional convictions and sentences. The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Heck involved a civil rights claim brought by a state prisoner. Courts have also extended the holding in Heck to claims seeking injunctive or declaratory relief pursuant to 42 U.S.C. § 1983. See Edwards v. Balisok, 520 U.S. 641, 648, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997); Clark v. Stalder, 154 F.3d 186, 190-91 (5th Cir. 1998). The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated.

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not

meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary compensation and injunctive relief for civil rights violations under Section 1983; therefore, he must prove his conviction(s) and/or sentence(s) has been invalidated. He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his conviction(s) and/or sentence(s) have been invalidated.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims seeking monetary compensation and injunctive relief for his allegedly unconstitutional convictions and

sentences be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 20th day of March, 2024.



Mark L. Hornsby
U.S. Magistrate Judge